# EXHIBIT COVER PAGE "B"

HEALTH CARE APPEAL LOG No. PBSP SC 17001012

10 PAGES

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT-INMATE HEALTH CARE APPEAL**                                                            12.9
CDCR 602 HC (REV. 6/13)                    SA 17001012   SC17001013                              Page 1 of 2

| STAFF USE ONLY | | Institution: | SC17000980 | Category: |
|---|---|---|---|---|
| Emergency Appeal ☐ Yes ☐ No | | **PBSP** | SC17000980 | 8/22 |
| Signature: | Date: | | HC17001991 | |
| | | | *FOR STAFF USE ONLY* | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| VERDUZCO, D | T-45537 | A2A   CELL # 127 | |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
*NEGLIGENT AND DELIBERATE INDIFFERENCE*

**SECTION A:** Explain your issue (If you need more space, use Section A of the CDCR 602-A): *I HAVE NOT VIOLATED ANY TIME CONSTRAINTS. I HAVE BEEN IN A (OTHER) SINCE JULY 27, 2016 AND ON PEN RESTRICTION FOR MY OWN SAFTY. I WAS TRANSFERED TO DEPARTMENT STATE HOSPITAL (DSH) ON 9/14/16 AND CONTINUED ON PEN RESTRICTION UNTIL 9/27/16. ANY DELAY WAS BEYOND MY CONTROL. ON AUGUST 17, 2016, WHILE IN PBSP MENTAL HEALTH CRISIS BED, I GREW DISTRAUGHT OVER NOT*

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): *1) FOR THE GO PRO FOOTAGE IN VIDEO CONTENT OF MY BLOODY CELL (NOT TO BE DESTROYED, LOST, OR ALLEGEDLY MISPLACED. 2) FOR ALL CTC STAFF INVOLVED THAT FAILED TO PROMPTLY COMPLY W/ CCR. 3365(a) TO BE DISCIPLINED. 3) FOR CTC NURSES AND P.T. TO ACKNOWLEDGE THEY HAD NO PHYSICAL VISUAL OF ME FOR OVER 2½ THRU 3 HRS.*

☐ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

NOV 03 2016

☐ No, I have not attached any supporting documents. Reason: _____

Patient-Inmate Signature: *D. Verdun*                        Date Submitted: *10/05/16*

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED
ICAB
APR 0 5 2017
HC APPEALS

| **SECTION C: FIRST LEVEL – Staff Use Only** | Check One: Is CDCR 602-A attached? | ☒ Yes ☐ No |
|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? | ☐ Yes ☐ No |

☐ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction): Date: 10/14/16 Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter). Date: _____
☐ Accepted   Assigned to: CTC SRN II   Title: SRN II   Date Assigned: 11/14/16 Date Due: 12/28/16

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location and complete the section below.
Date of Interview: 11/27/16   Interview Location: _____   PBSP
Your appeal issue is: ☐ Granted ☒ Granted in part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☒ Yes ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: **SEE ATTACHED** Title: SRN II |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: **SEE ATTACHED** Date completed: 11/27/16 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☒ Reached | Reviewer: **Dr. Jacobsen, CME** |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | (Print Name) |
| 4.Comments:   **SEE ATTACHED** | | | Signature: _____ DEC 05 2016 |

COMPLETED 501

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: | Date mailed/delivered to appellant: DEC 14 2016 |

RECEIVED
OCT 14 2016
RESERVE
PLUS
HC APPEALS

RECEIVED
NOV 0 3 2016
CEO
HC APPEALS

RECEIVED
NOV 1 4 2016
1st
HC APPEALS

BIFURCATED
DUE #3 PBSP
JAN 0 3 2017
3rd
HC APPEALS

BIFURCATED
SC17001012
SC17001013
JUN 2 8 2017
AMENDED
HC APPEALS

COMPLETED
HCCAB
NOV 15 2018

RECEIVED
HCCAB
AUG 1 8 2017

EXHIBIT

TREAT AS ORIGINAL

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
PATIENT-INMATE HEALTH CARE APPEAL
PBSP
CDCR 602 HC (Rev. 06/13)
Page 2 of 2

**SECTION D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

DISSATISFIED. ALL MY ALLEGATIONS CONSTITUTE A STAFF COMPLAINT PER CCR 3084(4). ETC MEDICAL HEALTH AND NURSING STAFF VIOLATED CCR 3271 +
3365 (A). THIS APPEAL IS BEING PROCESSED AS A ROUTINE APPEAL TO CONCEAL MISCONDUCT. I WANT THE RECORD TO REFLECT THAT ON 12/14/16. I MET
WITH MEDICAL HEALTH HEADQUARTERS (N. PARKS). I ASKED HER TO INVESTIGATE THIS SINCE (PBSP) "ETC" WILL NOT PROPERLY INVESTIGATE MISCONDUCT
OF ITS CORE EMPLOYEES. NO ONE WAS INTERVIEWED AT THE FIRST LEVEL (NURSES OR MEDICAL HEALTH STAFF) TO VERIFY NO ONE HAD VISUAL OF ME

Patient-Inmate Signature: _Daniel Verduzco_          Date Submitted: 12/25/16

**SECTION E. SECOND LEVEL - Staff Use Only**
Check One: Is CDCR 602-A attached?   ☑ Yes   ☐ No
This appeal has been:
Check One: Is this a recategorized/converted 1824?   ☐ Yes   ☐ No
☐ Bypassed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter):   Date: _____   Date: _____ CNE
☒ Accepted. Assigned to: CEO B. WOODS, CNE   Title: CEO   Date Assigned: 1/3/17   Date Due: 2/14/17
Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: N/A 2/13/17          Interview Location: N/A PBSP
Your appeal issue is:   ☐ Granted   ☑ Granted in part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☑ Yes ☐ No |
| --- | --- | --- | --- |
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☑ P/I asked questions | R.D. Ray, SRN II  Title: 2/13/17 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | Interviewer: _____ |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check completed | (Print Name) |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached/received | Signature: _____  Date completed: 2/13/17 |
| ☑ Not Applicable | ☐ Other* | *See chrono/notes | |
| 4. Comments: Tabe 12.9 | | | Reviewer: Bill Woods  Title: CNE |
| | | | Signature: Maureen McLean |

COMPLETED
AUG 04 2017

HCAC Use Only  SCI 1700012
Date received by HCAC: Maureen M_____

HCAC Use Only
Date closed and mailed/delivered to appellant:

**SECTION F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and appeal by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED. I PROVIDED A PACKET OF SUPPORTING DOCUMENTS TO SUBSTANTIATE MY CLAIMS.
WHICH IS NOT ATTACHED AND ONLY MENTIONED BY REFERANCE. ALSO. I MENTIONED BOTH CUSTODY AND CLINICIANS
IN MY APPEAL YET ONLY NURSE(S) AN (PT) D. VAUGHT WERE INVESTIGATED.

Patient-Inmate Signature: _Daniel Verduzco_          Date Submitted: 04/02/17

**SECTION G. THIRD LEVEL - Staff Use Only**
☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter):   Date: _____
☐ Accepted at the Third Level of Review
Your appeal is:   ☐ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: _____
See attached Third Level response.
Third Level Use Only
Date closed and mailed/delivered to appellant: _____

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)
_____
_____
_____

Patient-Inmate Signature: _____          Date Submitted: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

EX. "B"

TREAT AS ORIGINAL

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)                                                                                                    Side 1

**TREAT AS ORIGINAL**   TREAT AS ORIGINAL
PBSP   SCI7000980   SCI7001012
SCI6000950   SCI7001013
HCH6029991

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Verduzco, D | T-45537 | A2A 127 | |

A.  Continuation of CDCR 602, Section A only (Explain your issue): FED BY TRANSPORTATION, (I AM NOT APPEALING NOT BEING FED). I HAVE A HISTORY OF ONE SUICIDE ATTEMPT WHILE IN (PBSP) MENTAL HEALTH CRISIS BED AND A HISTORY OF SELF HARM. DURING MY MENTAL BREAK-DOWN ON AUGUST 17, 2016. I COMPLETELY COVERED MY DOOR WINDOWS AND BOARDED UP COMPLETELY COVERING ALL CELL WINDOWS, UNIT C17A 179. I REMAINED BOARDED UP FOR OVER 2½ THROUGH 3 HOURS. ETC NURSES NOR CUSTODY HAD A PHYSICAL VISUAL OF ME. ANYTIME A NURSE ASKED IF I WAS OKAY, I WOULD YELL NO, AND INFORM THEM THAT THEY NEED TO FOLLOW POLICY AND REPORT THEY HAVE NO VISUAL OF ME. NO ONE CARED, I REMAINED BOARDED UP FOR OVER 2½ THROUGH 3 HOURS. FOR OVER TWO HOURS I CUT MY TONGUE WITH MY FINGER NAILS AND WROTE ALL OVER THE THREE CELLS WALLS AND THE BUNK IN BLOOD. CRISIS DOCTOR JENSEN FINALLY CAME TO MY DOOR. SHE HAD NO VISUAL OF ME EITHER. I YELLED THROUGH THE DOOR AND ASKED HER WHY HAVE I BEEN ALLOWED TO BOARD UP FOR OVER 2½ THRU 3 HOURS. DR. JENSEN WANTED TO LOOK IN MY CELL AND ASKED ME TO REMOVE THE TOILET PAPER. I TOLD JENSEN NO BECAUSE THEY'RE GOING TO TRY AND COVER IT UP SO I DEMANDED A CAMERA. I FINALLY REMOVED THE TOILET PAPER AND ALLOWED DR. JENSEN TO SEE THE BLOOD ALL OVER MY WALLS, BUNK, CIELING etc... AND MY TONGUE. I TOLD DOCTOR JENSEN HOW IS THIS POSSIBLE WHILE ON SUICIDE PRECAUTION, LET ALONE, WITH MY HISTORY OF SELF HARM. I WAS LEFT TO MY OWN DETRIMENT BOARDED UP FOR 2½ THRU 3 HOURS. ETC STAFF DID NOT COMPLY WITH CCR 3365 (a). I WAS NOT IN MY RIGHT STATE OF MIND. THEN SGT. BRAVES STARTED CONDUCTING A FABRICATED STORY TO COVER UP HIS INDIFFERENCE SAYING CUSTOM SEEN ME VIA MY BACK WINDOW WHICH IS FALSE MY BACK WINDOW WAS COVERED TOO. IF CUSTODY SEEN ME WHY WAS NO ALARM HIT AT 2:30 OR 3:00 P.M. WHEN I STARTED CUTTING MYSELF. I SUSTAINED (4) STITCHES STAFF ALSO VIOLATED CCR 3271; 3365 (a)(1) AND 3084 (c). OCT 14 2016

Inmate/Parolee Signature: [signature]         Date Submitted: OCT. 5, 2016

B.  Continuation of CDCR 602, Section B only (Action requested): _____
4) TO BE COMPENSATED BY A JURY. 5) NOT TO BE RETALIATED AGAINST. OCT 14 2016

EX. "B"

Inmate/Parolee Signature: [signature]         Date Submitted: OCT. 5, 2016

RECEIVED OCT 14 2016 HC APPEALS
RECEIVED NOV 03 2016 CEO HC APPEALS
RECEIVED NOV 14 2016 ASU
BIFURCATED JAN 03 2017 TO SC
RECEIVED APR 05 2017 ICAB HC APPEALS
RECEIVED HCCAB AUG 18 2017
RECEIVED JUN 28 2017 AMENDED HC APPEALS

TREAT AS ORIGINAL

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

PBSP SC17000980
SCH400090
HC16007991

**TREAT AS ORIGINAL**   Side 2

---

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** FOR HOURS. CT. P. VAUGHT TOLD ME SHE DOCUMENTED IT THAT DAY. THERE IS ALSO NO PRO FOOTAGE OF MY BLOODY CELL THAT SUBSTANTIATES MY CLAIMS THAT TOO WAS NOT VIEWED TO CONCEAL MISCONDUCT. ADDITIONALLY, MY APPEAL SHOULD OF BEEN BIFURCATED BECAUSE MY ALLEGATIONS ARE AGAINST (SGT. GRAVES) CUSTODY, MENTAL HEALTH, AND MEDICAL RESPECTIVELY. (SGT. GRAVES) CONCOCTED A FALSE STORY THAT HE SEEN ME YET MY BACK WINDOW WAS COVERED AND YOU CAN'T EVEN SEE THROUGH THE BACK WINDOW TO MY CELL #74. I HAD H. PARKS FROM HEADQUARTERS DO CHECK ON 12/14/16 TO PROVE I'M NOT LYING. I AM SUBMITTING CDCR 7365 WHICH PROVES I WAS BOARDED UP FROM 3:00 P.M. THROUGH 6:30 P.M. I NEVER EVER REMOVED TOILET PAPER WITH THE EXCEPTION OF ALLOWING PT. P. VAUGHT TO SEE MY EYES ONLY. I STOOD AT MY DOOR ONLY SHOWED HER MY EYE'S, SHE HAD NO VISUAL OF MY BODY OR MY CELL DURING THE 2 HOURS OR SO I WAS BOARD UP, NURSES, CLINICIANS NOR CUSTODY HAD ANY VISUAL OF ME. AT ABOUT 3:30 P.M. I STARTED CUTTING MY TONGUE. THIS CDC 7365 PROVES NO ONE INITIATED CCR 3365 (d). ADDITIONALLY, CCR 3271 STATES: "EVERY EMPLOYEE, REGARDLESS OF HIS OR HER ASSIGNMENT, IS RESPONSIBLE FOR THE SAFE CUSTODY OF THE INMATE(S) CONFINED IN THE INSTITUTIONS OF THE DEPARTMENT". I NEVER REMOVED TOILET PAPER WHEN I REFUSED MY MEAL. THIS APPEAL IS NOT BEING PROCESSED AS A STAFF COMPLAINT TO CONCEAL MISCONDUCT. I AM GOING TO GIVE MY PROOF TO H. PARKS (MH HEADQUARTERS) SO SHE CAN REPORT HER FINDING TO MEDICAL HEADQUARTERS. JAN 0 3 2017

Inmate/Parolee Signature: _(signature)_ _____ Date Submitted: _12/25/16_

---

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

Inmate/Parolee Signature: _____ Date Submitted: _____

EX."B"

TREAT AS ORIGINAL

TREAT AS ORIGINAL

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institution Response for <u>First</u> Level Health Care Appeal
### Pelican Bay State Prison (PBSP)

**To:**          **VERDUZCO, D. (T-45537)**

**Tracking/Log #: PBSP HC 16029991**

**Appeal Decision: PARTIALLY GRANTED**

**Appeal Issues:** You filed a CDCR 602-HC, *Patient-Inmate Health Care Appeal*, on November 14, 2016.

1) You are requesting for "go pro footage in video content of my bloody cell not to be distroyed, lost, or alledgedly misplaced."
2) You are requesting for "all CT staff involved that failed to promptly comply w/ CCR. 3365(a) to be disciplined."
3) You are requesting "for CTC (Correctional Treatment Center) nurse's and R.T. to acknowledge they had no physical visual of me for over 2 1/2 thru 3 hours."
4) You are requesting to be compensated by a jury.
5) You are requesting not to be retaliated against.

**Interview:** You were interviewed for this appeal on November 27, 2016, by ___, Supervising Registered Nurse II.

**The First Level Appeal review is:**

1) Denied; video retention is a custody process; therefore, you will need to address this issue with custody staff.
2) Denied; <u>this appeal was reviewed and evaluated by the Hiring Authority and the issues were deemed not to meet the Staff Complaint criteria.</u> Although you have the right to submit an appeal as a staff complaint, the request for administrative action regarding staff is beyond the scope of the appeals process. There is no evidence to support your claim of health care staff failing to comply with California Code of Regulations (CCR), Title 15, regarding suicide prevention and response.
3) Denied; <u>this appeal was reviewed and evaluated by the Hiring Authority and the issues were deemed not to meet the Staff Complaint criteria.</u> Although you have the right to submit an appeal as a staff complaint, the request for administrative action regarding staff actions is beyond the scope of the appeals process. A review of your records shows you received appropriate medical care for your serious medical needs per CCR, Title 15, and Inmate Services Policies and Procedures, while you were housed in the CTC.
4) Denied; monetary compensation is outside the scope of the correspondence/appeal process. You have the right to contact the Department of General Services (DGS), Office of Risk & Insurance Management, Government Claims Program, P.O. Box 989052 MS – 414, West Sacramento, CA 95798-9052. Prior to contacting DGS, you have the responsibility to exhaust all administrative remedies as stated in the Prison Litigation Reform Act (42 U.S.C § 1997e[a]): "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
5) Partially granted; CCR, Title 15, Section 3084.1(d), Right to Appeal states: *No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in section 3084.4.*

*EX. "B "*

TREAT AS ORIGINAL

TREAT AS ORIGINAL
TREAT AS ORIGINAL

You may submit a CDC 7362, Health Care Services Request Form, for any medical concerns you may have..

**Effective Communication:**  The attached Effective Communication Form indicates which accommodations were used to ensure effective communication.

**Appeal Decision:**  A thorough review of your request presented in this complaint has been completed at the first level and is **partially granted.**

D. JACOBSEN, D.O.
Chief Medical Executive

DEC 0 5 2016
_____
Date

12:48 pm
_____
Time

ld

RECEIVED
HCCAB
AUG 18 2017

RECEIVED
I CAB
APR 0 5 2017
HC APPEALS

EX. "B"
TREAT AS ORIGINAL

**TREAT AS ORIGINAL**

STATE OF CALIFORNIA
**SUICIDE WATCH / SUICIDE PRECAUTION RECORD**
CDCR 7365 (REV. 07/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DIVISION OF CORRECTIONAL HEALTH CARE SERVICES

## CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## SUICIDE WATCH / SUICIDE PRECAUTION RECORD

**Check Only One Box:**   RECEIVED   AUG 18 2016

☐ **Suicide Watch**
CONTINUOUS VISUAL OBSERVATION - ENTRY EVERY 15 MINUTES DESCRIBING PATIENT'S BEHAVIOUR

☑ **Suicide Precaution**
STAGGERED ENTRIES NOT TO EXCEED 15 MINUTE STAFF CHECKS – ENTRIES NO LESS THAN FIVE PER HOUR

| Date: 8/17/16 | Patient Name: Verduzco, D. | CDC #: T 45537 |
|---|---|---|
| Institution: PBSP | Housing Unit: CTC 179 | |
| Date/Time Started: 8/17/16 1440 | Ordered By: Dr. Brown |
| Date/Time Discontinued: 8/17/16 2041 | Discontinued By: M.Cron |

**CODE -Location Description or Cell number:**

| (1) MHCB Mental Health Crisis bed ✓ | (2) OHU Outpatient Housing Unit | (3) MH- OHU Outpatient Housing Unit | (4) Other Housing cell Cell regularly used for inmate housing in ASU,SHU or GP | (5) Wet Holding Cell Cell that contains (toilet, sink, or both) | (6) Other Holding cell-Temporary holding cell (give location) |
|---|---|---|---|---|---|

29 lying on bed to U.T.A
28 +children
26- Seen by clinician
27 medical Emergency

**Activity List:** Place the appropriate observed behavior / activity number in the "Activity" column below.

| | | |
|---|---|---|
| 1. Asleep, breathing | 6. Disrobing | 11. Meal served - % eaten | 16. Singing | 21. Withdrawn |
| 2. Bathroom | 7. Eating | 12. Medications given | 17. Standing | 22. Yelling/screaming |
| 3. Beating door | 8. Fluid served - amount | 13. Mumbling/incoherent | 18. Talking Quiet | 23. Other boarding up |
| 4. Crying | 9. Laughing | 14. Position changed | 19. Threatening | 24. Other sitting on bed |
| 5. Cursing | 10. Lying/sitting on floor | 15. Quiet | 20. Up walking | 25. Other eating PM's |

| TIME | CODE | ACTIVITY | INITIAL | TIME | CODE | ACTIVITY | INITIAL | TIME | CODE | ACTIVITY | INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1440 | 1 | 20 | TG | | | | | | | | |
| 1453 | 1 | 20 | TG | | | | | | | | |
| 1500 | 1 | 23 | GK | | | | | | | | |
| 1513 | 1 | 24 | GK | | | | | | | | |
| 1529 | 1 | 23 | GK | | | | | | | | |
| 1536 | 1 | 23,18 | PU | | | | | | | | |
| 1542 | 1 | 23,18 | PU | | | | | | | | |
| 1600 | 1 | 23 | PU | | | | | | | | |
| 1614 | 1 | 23 | PU | | | | | | | | |
| 1628 | 1 | 23,25 | PU | | | | | | | | |
| 1648 | 1 | 23 | PU | | | | | | | | |
| 1634 | 1 | 23 | PU | | | | | | | | |
| 1646 | 1 | 23 | PU | | | | | | | | |
| 1700 | 1 | 11 (2) | PU | | | | | | | | |
| 1713 | 1 | 23 | PU | | | | | | | | |
| 1727 | 1 | 23 | PU | | | | | | | | |
| 1738 | 1 | 23,18 | PU | | | | | | | | |
| 1748 | 1 | 23,18 | PU | | | | | | | | |
| 1800 | 1 | 23,18,19 | PU | | | | | | | | |
| 1813 | 1 | 23 | PU | | | | | | | | |
| 1825 | 1 | 23,26 | PU | | | | | | | | |
| 1836 | 1 | 28 | TG | | | | | | | | |
| 1850 | 1 | 28,29 | TG | | | | | | | | |

RECEIVED ICAB APR 05 2017 HC APPEALS

RECEIVED JAN 03 2017 HC APPEALS

**Identification of staff performing checks**

| Name (Print) | Initials | Classification | Name (Print), Title | Initials | Classification |
|---|---|---|---|---|---|
| T. Grüger RN | TG | ☑ Clinical ☐ Custody | G. Kimbrell, CNA | GK | ☑ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | P. Ja... PT | PU | ☑ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | | | ☐ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | | | ☐ Clinical ☐ Custody |

RECEIVED HCCAB AUG 18 2017

EX. B
TREAT AS ORIGINAL   Confidential Printed 201. 12.12.13 2:54 -08'00'   Page 1 of 2

COPY

Template Date 05/02/2016
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date : July 27, 2017

To : D. VERDUZCO, # T45537
PBSP Z 001 1130001L

Subject: **STAFF COMPLAINT RESPONSE - APPEAL #  PBSP SC 17001012 *SECOND* LEVEL**

APPEAL ISSUE:  All my allegations constitute a staff complaint per CCR 3084(g). CTC mental health and nursing staff violated CCR 3271 and 3365(a). This appeal is being processed as a routine appeal to conceal misconduct. I want the record to reflect that on 12/14/16 I met with mental health headquarters (H. Parks). I asked her to investigate this since PBSP "CTC" will not properly investigate misconduct of its own employees. No one was interviewed at the first level (nurses or mental health) to verify no one had visual of me for hours. PT P. Vaught told me she documented it that day. There is also Go Pro footage of my bloody cell that substantiates my claim that too and was not viewed to conceal misconduct. Additionally my appeal should have been bifurcated because my allegations are against SGT Graves (custody), mental health and medical, respectively. SGT Graves concocted a false story the he seen me yet my back window was covered and you can't even see through the back window of inf. Cell 179. I had H. Parks from headquarters go check on 12/14/17 to prove I'm not lying, I am submitting CDCR 7365 which proves I was boarded up from 3:00pm through 6:30pm. I never removed toilet paper with the exception of allowing PT P. Vaught to see my eyes only. I stood at my door only showed her my eyes. She had no visual of my body or my cell during the 3 hours or so I was boarded up. Nurse, clinicians nor custody had any visual of me. At about 3:30pm I started cutting my tongue. The CDCR 7365 no one initiated CCR 3365(a). Additionally, CCR 3271 states "Every employee, regardless of his or her assignment is responsible for the safe custody of the inmate(s) confined in the institutions of the department". I never removed the toilet paper when I refused my meal. This appeal is not being processed as a staff complaint to conceal misconduct. I am going to give my proof to H. Parks from MH Headquarters so she can report her findings to Medical Headquarters.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.   You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.   If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

*EX. "B"*



Template Date 05/02/2016                                                                 Attachment E-1

You were interviewed on February 13, 2017, by S. D. Ray SRN II and you stated you were boarded up in your cell in the infirmary (INF 179) and there was no visual contact made by any persons from 1500 hours until 1825 hours. You claimed that you were yelling and telling people to follow protocol. You alleged that there was false documentation made by RN Geiger.

> ➤ **Your appeal is PARTIALLY GRANTED in that: The <u>Appeal inquiry</u> is complete/ has been reviewed and all issues were adequately addressed.**
> The following witnesses were questioned: D. VERDUZCO T45537, and CNA G. KIMBRELL. The following information was reviewed as a result of your allegations of staff misconduct: Electronic Health Record documentation, MPIMS documentation, Mental Health Services Policy, Title 15 CCR 3365 and CCR 3271 and packet provided by the inmate patient.
> Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: <u>S. D. RAY SRNII</u>          Sign: _____   Date: 8-2-17
Interviewer

Print: <u>M. MCLEAN, CEO</u>          Sign: _____   Date: 8/3/17
Reviewing Authority

RECEIVED
HCCAB
AUG 18 2017

*EX. "B"*

STATE OF CALIFORNIA                                                                   DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)                                                                                             Page 1 of 2

| STAFF USE ONLY | | | | |
|---|---|---|---|---|
| **Emergency Appeal** | ☐ Yes | ☐ No | Institution: PBSP | Log #: SC 1700 1024  Category: |
| Signature: | | Date: | | FOR STAFF USE ONLY |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): *Verduzco, D* | CDCR Number: *T-45537* | Unit/Cell Number: *D-8  209* | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
*Third Level Review Of Appeal  PBSP SC 17001012*

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A):

_____

_____

_____

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A):

*See attached.*

_____

☐ **Supporting Documents: Refer to CCR 3084.3.**

List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

☐ No, I have not attached any supporting documents. Reason :_____

Patient-Inmate Signature: *David Wright*               Date Submitted: *08-13-17*

☐ By placing my initials in this box, I waive my right to receive an interview.

| SECTION C. FIRST LEVEL - Staff Use Only | Check One: Is CDCR 602-A attached? | ☐ Yes  ☐ No |
|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? | ☐ Yes  ☐ No |

☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction): Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter): Date: _____
☐ Accepted    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in part  ☐ Denied  ☐ Other:_____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☐ Yes  ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: _____ Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: _____ Date completed: _____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: _____ Title: _____ |
| 4.Comments:_____ | | | (Print Name) |
| | | | Signature: _____ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC:_____ | Date closed and mailed/delivered to appellant: _____ |

RECEIVED
HCCAB
AUG 18 2017

COMPLETED
HCCAB
NOV 15 2017

EXHIBIT "B"

STAFF USE ONLY

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PATIENT-INMATE HEALTH CARE APPEAL**

CDCR 602 HC (Rev. 06/13)                                                                                   Page 2 of 2

**SECTION D.** **If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

Patient-Inmate Signature: _____    Date Submitted: _____

**SECTION E. SECOND LEVEL - Staff Use Only**          Check One: Is CDCR 602-A attached?        ☐Yes  ☐No

This appeal has been:                                Check One: Is this a recategorized/converted 1824?  ☐Yes  ☐No

☐ Bypassed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):                  Date: _____

☐ Accepted   Assigned to: _____    Title: _____    Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

                    Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in part  ☐ Denied   ☐Other:_____

See attached letter.  If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☐ Yes  ☐No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ PI asked questions | Interviewer: _____ Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ PI summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: _____ Date completed: _____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | Reviewer: _____ Title: _____ |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | (Print Name) |
| 4.Comments:_____ | | | Signature: _____ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC:_____ | Date closed and mailed/delivered to appellant: _____ |

**SECTION F.** **If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758.  If you need more space, use Section F of the CDCR 602-A.

Dissatisfied. I Provided A Detailed Packet To Substantiate My Claims Which The SLR Did Not Attach And Has Only Mentioned By Reference. Also, Dr. L. Jensen Was Notified At 1605 By PT Vaught, P. That Blood Was Seen On My Finger (See CDC 7230 Dated 08/17/16 By P. Vaught). Yet Dr. Jensen Took No Action And Clinician Dr Jensen Was Not Interviewed Or Found To Have Violated Policy When All Documentation Supports My Claims.

Patient-Inmate Signature: _____    Date Submitted:  08-18-17

**SECTION G. THIRD LEVEL - Staff Use Only**

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____   Date: _____  Date: _____

☐ Cancelled (See attached letter):    Date: _____

☒ Accepted at the Third Level of Review

Your appeal is:   ☐ Granted   ☐ Granted in part   ☒ Denied   ☐Other:_____

See attached Third Level response.               Third Level Use Only
                                                 Date closed and mailed/delivered to appellant: **NOV 1 5 2017**

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Patient-Inmate Signature: _____    Date Submitted: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STAFF USE ONLY
EXHIBIT "B"

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


**Date:**  NOV 1 5 2017

**To:**  VERDUZCO, DANIEL (T45537)
Kern Valley State Prison
PO Box 3130
Delano, CA 93216

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   PBSP SC 17001012

This Staff Complaint appeal was reviewed by Health Care Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL ISSUES:

Refer to the attached CDCR 602 HC, Patient-Inmate Health Care Appeal, and CDCR 602-A, Inmate/Parolee Appeal Form Attachment, dated October 5, 2016, for full details regarding your issue(s).

You are requesting:

- For the Go-Pro footage in video content of your bloody cell not be destroyed, lost or allegedly misplaced.
- That all Correctional Treatment Center (CTC) staff involved that allegedly failed to promptly comply with California Code of Regulations, Title 15, section 3365(2), be disciplined.
- For CTC nurses and psychiatric technicians to acknowledge they had no physical visual of you for over two and a half to three hours.
- To be compensated by a jury.
- Not to be retaliated against.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

Your appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

This health care appeal response is only addressing your allegations against G. Kimbrell, Certified Nursing Assistant. Your allegations against T. Geiger, Registered Nurse, are being addressed in PBSP SC 17000980, and your allegations against P. Vaught, Psychiatric Technician, are being addressed in PBSP SC 17001013. Therefore, these issues will not be addressed in this health care appeal response.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES** | *EXHIBIT "B"* | P.O. Box 588500
Elk Grove, CA  95758

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded staff did not violate California Department of Corrections and Rehabilitation policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on February 13, 2017, and G. Kimbrell, Certified Nurse Assistant, was interviewed on February 13, 2017. Your health record was reviewed. The content of the inquiry supported the conclusion determined.

Health care staff do not have jurisdiction over custody staff or procedures. As such, your concerns regarding video footage of your cell should be addressed through the appropriate custody channels at your institution.

It is not in the purview of appellants to request specific action to be taken in regard to the conduct of the staff complaint inquiry or in regard to disciplinary action against staff. California Code of Regulations, Title 15, Section 3084.9(i) and Department Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, any personnel action taken against staff is confidential and will not be shared with inmates, staff, or the public. Therefore, your request for all involved CTC staff to acknowledge they had no visual of you during the time and date alleged be disciplined will not be addressed, as you have been provided all information to which you have a right under California Code of Regulations, Title 15, Section 3084.9(i).

Monetary compensation is outside the jurisdiction of the health care appeals process. You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Per California Code of Regulations, Title 15, Section 3084.1(d), "No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in Section 3084.4, nor shall it prohibit the pursuit of disciplinary sanctions for violation of department rules."

As your health care appeal was adjudicated as a staff complaint, you are advised to utilize the CDC 7362, Health Care Services Request Form process, or submit a separate CDCR 602 HC, Patient-Inmate Health Care Appeal, for requests related to health care issues you feel are unresolved.

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR Policy and the California Code of Regulations, Title 15.

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual, Section 31140.14; and Inmate Medical Services Policies and Procedures.

## ORDER:

No changes or modifications are required by the institution.

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

---

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**                *EXHIBIT "B"*                P.O. Box 588500
Elk Grove, CA 95758

EXHIBIT COVER PAGE "C"

HEALTH CARE APPEAL LOG No. : PBSP SC 17001013

10 PAGES

TREAT AS ORIGINAL   **TREAT AS ORIGINAL**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)

12.9
Page 1 of 2

| STAFF USE ONLY | | |
|---|---|---|
| Emergency Appeal | ☐ Yes  ☐ No | Institution: **PBSP** |
| Signature: | Date: | |

SCI17001012   SCI17001013
SCI7000980
~~SCI7000950~~
~~HCI1002991~~
Category: **8/22**

*FOR STAFF USE ONLY*

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.      WRITE, PRINT, or TYPE CLEARLY.

| Name (Last, First): VERDUZCO, D | CDCR Number: T-45537 | Unit/Cell Number: A2A CELL #127 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
*NEGLIGENT AND DELIBERATE INDIFFERENCE*

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): *I HAVE NOT VIOLATED ANY TIME CONSTRAINTS. I HAVE BEEN IN A (MHCB) SINCE JULY 27, 2016 AND ON PEN RESTRICTION FOR MY OWN SAFTY. I WAS TRANSFERED TO DEPARTMENT STATE HOSPITAL (DSH) ON 9/14/16 AND CONTINUED ON PEN RESTRICTION UNTIL 9/27/16. ANY DELAY WAS BEYOND MY CONTROL. ON AUGUST 17, 2016, WHILE IN PBSP MENTAL HEALTH CRISIS BED, I GREW DISTRAUGHT OVER NOT*

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): *1) FOR THE GO PRO FOOTAGE IN VIDEO CONTENT OF MY BLOODY CELL NOT TO BE DISTROYED, LOST, OR ALLEDGENLY MISNAMED. 2) FOR ALL CTC STAFF INVOLVED THAT FAILED TO PROMPTLY COMPLY W/ CCR. 3365 (a) TO BE DISCIPLINED. 3) FOR CTC NURSE'S AND P.T. TO ACKNOWLEDGE THEY HAD NO PHYSICAL VISUAL OF ME FOR OVER 2½ THRU 3 HRS.*

☐ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive
Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

NOV 03 2016

RECEIVED
HCCAB
'AUG 18 2017

RECEIVED
I CAB
APR 0 5 2017
HC APPEALS

☐ No, I have not attached any supporting documents. Reason: _____

NOV 03 2016

| Patient-Inmate Signature: *D. Verdun* | Date Submitted: 10/05/16 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

| **SECTION C. FIRST LEVEL - Staff Use Only** | Check One: Is CDCR 602-A attached? | ☒ Yes  ☐ No |
|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? | ☐ Yes  ☐ No |
| ☐ Bypassed at the First Level of Review. Go to Section E. | | |
| ☒ Rejected (See attached letter for instruction): Date: 10/14/16  Date: ___  Date: ___  Date: ___ | | |
| ☐ Cancelled (See attached letter): Date: ___ | | |
| ☐ Accepted   Assigned to: ~~CTC~~ SRN II   Title: SRN II   Date Assigned: 11/14/16  Date Due: 12/28/16 | | |

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date location and complete the section below.

Date of Interview: 11/27/16    Interview Location: _____    **PBSP**

Your appeal issue is: ☐ Granted  ☒ Granted in part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☒ Yes  ☐ No |
|---|---|---|---|
| ☐ TABE score < 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: **SEE ATTACHED**   Title: SRN II |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: **SEE ATTACHED**   Date completed: 11/27/16 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | Reviewer: **Dr. Jacobsen, CME** |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | (Print Name) |
| 4. Comments:  **SEE ATTACHED** | | | Signature: _____   DEC 05 2016 |

COMPLETED 50 PM
DEC 14 2016

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: | Date received/mailed/delivered to appellant: |

RECEIVED
OCT 14 2016
HC APPEALS

RECEIVED
NOV 03 2016
CEO

RECEIVED
NOV 14 2016
HC APPEALS 1st

EX...

BYPASSED ISSUE #3
JAN 0 3 2017
3rd

RECEIVED
JUN 2 8 2017
HC APPEALS

REPLICATED
SCI17001012
SCI17001013
AMENDED

COMPLETED
HCCAB
NOV 15 2017

TREAT AS ORIGINAL   TREAT AS ORIGINAL

STATE OF CALIFORNIA

**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (Rev. 06/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PBSP   SCI7000960   SCI16000960   HCI16029991

Page 2 of 2

**SECTION D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

DISSATISFIED. ALL MY ALLEGATIONS CONSTITUTE A STAFF COMPLAINT PER CCR 3084(9). ETC MEDICAL HEALTH AND NURSING STAFF VIOLATED CCR 3271, 3365 (a). THIS APPEAL IS BEING PROCESSED AS A ROUTINE APPEAL TO CONCEAL MISCONDUCT. I WANT THE RECORD TO REFLECT THAT ON 12/14/16, I MET WITH MEDICAL HEALTH HEADQUARTERS (H. PARKS). I ASKED HER TO INVESTIGATE THIS SINCE CPBSP) "ETC" WILL NOT PROPERLY INVESTIGATE MISCONDUCT OF ITS OWN EMPLOYEES. NO ONE WAS INTERVIEWED AT THE FIRST LEVEL (NURSES OR MENTAL HEALTH STAFF) TO VERIFY NO ONE HAD VISUAL OF ME

Patient-Inmate Signature: _Daniel Verdru_    Date Submitted: 12/25/16

**SECTION E. SECOND LEVEL - Staff Use Only**

This appeal has been:    Check One: Is CDCR 602-A attached?   ☑Yes  ☐No
☐ Bypassed at Second Level of Review. Go to Section G.    Check One: Is this a recategorized/converted 1824?  ☐Yes  ☐No
☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter):   Date: _____   CNE
☒ Accepted   Assigned to: CEO B. WOODS, CNE   Title: CEO   Date Assigned: 1/3/17 Date Due: 2/14/17

Second Level Responder: Complete a Second Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ~~N/A~~ error 2/13/17   Interview Location: ~~N/A~~ error PBSP

Your appeal issue is:   ☐Granted  ☑Granted in part  ☐Denied  ☐Other:_____
See attached letter. If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☑Yes ☐No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☑P/I asked questions | Interviewer: D. Ray, SRN II   Title: 2/13/17 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☑P/I summed info | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check | Signature: ~~N/A~~ error   Date completed: 2/13/17 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☑ Reached | Reviewer: Bill Woods   Title: CNE |
| ☑Not Applicable | ☐ Other* | *See chrono/notes | (Print Name) |

4. Comments: Tabe 12.9    COMPLETED   AUG 0 4 2017   Signature: _Maureen McLeapne_

HCAC Use Only 1700012   Maureen M [HC APPEALS]   HCAC Use Only
Date received by HCAC:   Date closed and mailed/delivered to appellant:   COMPLETED MAR 0 7 2017 [HC APPEALS]

**SECTION F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and appeal for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED. I PROVIDED A PACKET OF SUPPORTING DOCUMENTS TO SUBSTANTIATE MY CLAIMS. WHICH IS NOT ATTACHED AND ONLY MENTIONED BY REFERANCE. ALSO, I MENTIONED BOTH CUSTODY AND CIVILIANS IN MY APPEAL YET ONLY NURSE(S) AN (PT) D. VAUGHT WERE INVESTIGATED.

Patient-Inmate Signature: _Daniel Verdru_    Date Submitted: 04/02/17

**SECTION G. THIRD LEVEL - Staff Use Only**
☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter):   Date: _____
☐ Accepted at the Third Level of Review
Your appeal is:   ☐Granted  ☐Granted in part  ☑Denied  ☐Other:_____
See attached Third Level response.

Third Level Use Only
Date closed and mailed/delivered to appellant: NOV 1 5 2017

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

Patient-Inmate Signature: _____   EX. "C"   Date Submitted: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STAFF USE ONLY   TREAT AS ORIGINAL

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

**TREAT AS ORIGINAL**
**PBSP**
SCI7000980
SC16000450
HC16002991

DEPARTMENT OF CORRECTIONS AND REHABILITATION
SCI7001012
SCI7001013

Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): VERDUZCO, D | CDC Number: T-45537 | Unit/Cell Number: A2A 127 | Assignment: |
|---|---|---|---|

**A.** Continuation of CDCR 602, Section A only (Explain your issue): FED BY TRANSPORTATION. ( I AM NOT APPEALING NOT BEING FED). I HAVE A HISTORY OF ONE SUICIDE ATTEMPT WHILE IN (PBSP) MENTAL HEALTH CRISIS BED AND A HISTORY OF SELF HARM. DURING MY MENTAL BREAK-DOWN ON AUGUST 19. 2016. I COMPLETLY COVERED MY DOOR WINDOWS AND BOARDED UP COMPLETELY COVERING ALL CELL WINDOWS, INF PER 179. I REMAINED BOARDED UP FOR OVER 2½ THROUGH 3 HOURS. ETC NURSES NOR CUSTODY HAD A PHYSICAL VISUAL OF ME. ANYTIME A NURSE ASKED IF I WAS OKAY, I WOULD YELL NO. AND INFORM THEM THAT THEY NEED TO FOLLOW POLICY AND REPORT THEY HAVE NO VISUAL OF ME. NO ONE CARED. I REMAINED BOARDED UP FOR OVER 2½ THROUGH 3 HOURS. FOR OVER TWO HOURS I CUT MY TONGUE WITH MY FINGER NAILS AND WROTE ALL OVER THE THREE CELLS WIN'S AND THE BUNK IN BLOOD. UNTIL DOCTOR JENSEN FINALLY CAME TO MY DOOR. SHE HAD NO VISUAL OF ME EITHER. I YELLED THROUGH THE DOOR AND ASKED HER WHY HAVE I BEEN ALLOWED TO BOARD UP FOR OVER 2½ THRU 3 HOURS. DR. JENSEN WANTED TO LOOK IN MY CELL AND ASKED ME TO REMOVE THE TOILET PAPER. I TOLD JENSEN NO BECAUSE THEY'RE GOING TO TRY AND COVER IT UP SO I DEMANDED A CAMERA. I FINALLY REMOVED THE TOILET PAPER AND ALLOWED DR. JENSEN TO SEE THE BLOOD ALL OVER MY WALLS, BUNK, CIELING ETC... AND MY TONGUE. I TOLD DOCTOR JENSEN HOW IS THIS POSSIBLE WHILE ON SUICIDE PRECAUTION, LET ALONE, WITH MY HISTORY OF SELF HARM. I WAS LEFT TO MY OWN DETRIMENT BOARDED UP FOR 2½ THRU 3 HOURS. ETC STAFF DID NOT COMPLY WITH CCR 3365 (a). I WAS NOT IN MY RIGHT STATE OF MIND. THEN SGT. GRAVES STARTED CONCOCTING A FABRICATED STORY TO COVER UP HIS INDIFFERENCE SAYING CUSTODY SEEN ME VIA MY BACK WINDOW WHICH IS FALSE MY BACK WINDOW WAS COVERED TOO. IF CUSTODY SEEN ME WHY WAS NO ALARM HIT AT 2:30 OR 3:00 P.M. WHEN I STARTED CUTTING MYSELF. I SUSTAINED (4) STITCHES STAFF ALSO VIOLATED CCR. 3271; 3365 (a); AND 3084 (a). OCT 14 2016

Inmate/Parolee Signature: [signature]   Date Submitted: OCT. 5, 2016

**B.** Continuation of CDCR 602, Section B only (Action requested): _____
4) TO BE COMPENSATED BY A JURY. 5) NOT TO BE RETALIATED AGAINST. OCT 14 2016

EX. "C"

Inmate/Parolee Signature: [signature]   Date Submitted: OCT. 5, 2016

*[Various stamps: RECEIVED PBSP OCT 14 2016 HC APPEALS; RECEIVED NOV 03 2016 ICBO HC APPEALS; ASU NOV 14 2016 1st; RECEIVED APPEALS BIFURCATED JAN 03 2017 TO SC 2nd; COMPLETED HCCAB NOV 15 2017; RECEIVED ICAB APR 05 2017 HC APPEALS; RECEIVED HCCAB AUG 18 2017; RECEIVED BIFURCATED TO SC 12/17/001 JUN 28 2017 AMENDED HC APPEALS; EXCESSIVE filing]*

**TREAT AS ORIGINAL**

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

Case 4:18-cv-04596-JSW   Document 1-1   Filed 07/30/18   Page 19 of 28

DEPARTMENT OF CORRECTIONS AND REHABILITATION

TREAT AS ORIGINAL   Side 2

SCI7000980
PBSP SCI6000950
HC16029991

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** FOR HOURS. SGT. GRAVES THO ME SHE DOCUMENTED IT THAT DAY. THERE IS ALSO NO PRO FOOTAGE OF MY BLOODY CELL THAT SUBSTANTIATES MY CLAIMS THAT SGT WAS NOT VIEWED TO CONCEAL MISCONDUCT. ADDITIONALLY, MY APPEAL SHOULD OF BEEN BIFURCATED BECAUSE MY ALLEGATIONS ARE AGAINST (SGT. GRAVES) CUSTODY, MENTAL HEALTH, AND MEDICAL RESPECTIVELY. (SGT. GRAVES) CONCOCTED A FALSE STORY THAT HE SEEN ME YET MY BACK WINDOW WAS COVERED AND YOU CAN'T EVEN SEE THROUGH THE BACK WINDOW TO MY CELL 774. I HAD H. PARKS FROM HEADQUARTERS DO CHECK ON 12/14/16 TO PROVE I'M NOT LYING. I AM SUBMITTING ADDY 7365 WHICH PROVES I WAS BOARDED UP FROM 3:00 P.M. THROUGH 6:30 P.M. I NEVER EVER REMOVED TOILET PAPER WITH THE EXCEPTION OF ALLOWING PT. P. VAUGHT TO SEE MY EYES ONLY. I STOOD AT MY DOOR ONLY SHOWED HER MY EYE'S. SHE HAD NO VISUAL OF MY BODY OR MY CELL DURING THE 2 HOURS OR SO I WAS BOARD UP. NURSES, CLINICIANS NOR CUSTODY HAD ANY VISUAL OF ME. AT ABOUT 3:30 P.M. I STARTED CUTTING MY TONGUE. THIS CDC 7365 PROVES NO ONE INITIATED CCR 3265 (A). ADDITIONALLY, CCR. 3271 STATES; "EVERY EMPLOYEE, REGARDLESS OF HIS OR HER ASSIGNMENT, IS RESPONSIBLE FOR THE SAFE CUSTODY OF THE INMATE(S) CONFINED IN THE INSTITUTIONS OF THE DEPARTMENT". I NEVER REMOVED TOILET PAPER WHEN I REFUSED MY MEAL. THIS APPEAL IS NOT BEING PROCESSED AS A STAFF COMPLAINT TO CONCEAL MISCONDUCT. I AM GOING TO GIVE MY PROOF TO H. PARKS (MH HEADQUARTERS) SO SHE CAN REPORT HER FINDING TO MEDICAL HEADQUARTERS.   JAN 0 3 2017

Inmate/Parolee Signature: _____   Date Submitted: 12/25/16

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

EX. "C"

Inmate/Parolee Signature: _____   Date Submitted: _____

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

## Institution Response for <u>First</u> Level Health Care Appeal
## Pelican Bay State Prison (PBSP)

**To:**      **VERDUZCO, D. (T-45537)**

*RECEIVED HCCAB 'AUG 18 2017*

**Tracking/Log #: PBSP HC 16029991**

**Appeal Decision: PARTIALLY GRANTED**

**Appeal Issues:** You filed a CDCR 602-HC, *Patient-Inmate Health Care Appeal,* on November 14, 2016.
1) You are requesting for "go pro footage in video content of my bloody cell not to be distroyed, lost, or alledgedly misplaced."
2) You are requesting for "all CT staff involved that failed to promptly comply w/ CCR. 3365(a) to be disciplined."
3) You are requesting "for CTC (Correctional Treatment Center) nurse's and R.T. to acknowledge they had no physical visual of me for over 2 1/2 thru 3 hours."
4) You are requesting to be compensated by a jury.
5) You are requesting not to be retaliated against.

*RECEIVED I CAB APR 0 5 2017 C/O APPEALS*

**Interview:** You were interviewed for this appeal on November 27, 2016, by , Supervising Registered Nurse II.

**The First Level Appeal review is:**
1) Denied; video retention is a custody process; therefore, you will need to address this issue with custody staff.
2) Denied; <u>**this appeal was reviewed and evaluated by the Hiring Authority and the issues were deemed not to meet the Staff Complaint criteria.**</u> Although you have the right to submit an appeal as a staff complaint, the request for administrative action regarding staff is beyond the scope of the appeals process. There is no evidence to support your claim of health care staff failing to comply with California Code of Regulations (CCR), Title 15, regarding suicide prevention and response.
3) Denied; <u>**this appeal was reviewed and evaluated by the Hiring Authority and the issues were deemed not to meet the Staff Complaint criteria.**</u> Although you have the right to submit an appeal as a staff complaint, the request for administrative action regarding staff actions is beyond the scope of the appeals process. A review of your records shows you received appropriate medical care for your serious medical needs per CCR, Title 15, and Inmate Services Policies and Procedures, while you were housed in the CTC.
4) Denied; monetary compensation is outside the scope of the correspondence/appeal process. You have the right to contact the Department of General Services (DGS), Office of Risk & Insurance Management, Government Claims Program, P.O. Box 989052 MS – 414, West Sacramento, CA 95798-9052. Prior to contacting DGS, you have the responsibility to exhaust all administrative remedies as stated in the Prison Litigation Reform Act (42 U.S.C § 1997e[a]): "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
5) Partially granted; CCR, Title 15, Section 3084.1(d), Right to Appeal states: *No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process* as defined in section 3084.4.

*EX. "C"*

TREAT AS ORIGINAL

TREAT AS ORIGINAL
TREAT AS ORIGINAL

You may submit a CDC 7362, Health Care Services Request Form, for any medical concerns you may have..

**Effective Communication:**  The attached Effective Communication Form indicates which accommodations were used to ensure effective communication.

**Appeal Decision:**  A thorough review of your request presented in this complaint has been completed at the first level and is **partially granted.**

DEC 0 5 2016
_____
Date

12:49 pm
_____
Time

D. JACOBSEN, D.O.
Chief Medical Executive

ld

RECEIVED
HCCAB
AUG 1 8 2017



RECEIVED
I CAB
APR 0 5 2017
HC APPEALS

TREAT AS ORIGINAL
EX. "C"

TREAT AS ORIGINAL

STATE OF CALIFORNIA
SUICIDE WATCH / SUICIDE PRECAUTION RECORD
CDCR 7365 (REV. 07/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DIVISION OF CORRECTIONAL HEALTH CARE SERVICES

## CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## SUICIDE WATCH / SUICIDE PRECAUTION RECORD

Check Only One Box:   RECEIVED AUG 1 8 2016

| ☐ Suicide Watch | ☑ Suicide Precaution |
|---|---|
| CONTINUOUS VISUAL OBSERVATION - ENTRY EVERY 15 MINUTES DESCRIBING PATIENT'S BEHAVIOUR | STAGGERED ENTRIES NOT TO EXCEED 15 MINUTE STAFF CHECKS – ENTRIES NO LESS THAN FIVE PER HOUR |

| Date: 8/17/16 | Patient Name: Verduzco, D. | CDC #: T 45537 |
|---|---|---|
| Institution: VSP | Housing Unit: CTC 179 | |

| Date/Time Started: 8/17/16  1440 | Ordered By: Dr. Brown. |
|---|---|
| Date/Time Discontinued: 8/17/16   2041 | Discontinued By: Mccon |

CODE -Location Description or Cell number:

| (1) MHCB Mental Health Crisis bed | (2) OHU Outpatient Housing Unit | (3) MH- OHU Outpatient Housing Unit | (4) Other Housing cell Cell regularly used for inmate housing in ASU,SHU or GP | (5) Wet Holding Cell Cell that contains (toilet, sink, or both) | (6) Other Holding cell-Temporary holding cell (give location) |
|---|---|---|---|---|---|
| ✓ | | | | | 29-CTC 1060 to UTA 28 #Custody 27- medical Emergency 26- seen by clinician |

Activity List:  Place the appropriate observed behavior / activity number in the "Activity" column below.

| | | | |
|---|---|---|---|
| 1. Asleep, breathing | 6. Disrobing | 11. Meal served - % eaten | 16. Singing | 21. Withdrawn |
| 2. Bathroom | 7. Eating | 12. Medications given | 17. Standing | 22. Yelling/screaming |
| 3. Beating door | 8. Fluid served - amount | 13. Mumbling/incoherent | 18. Talking Quiet | 23. Other pounding co |
| 4. Crying | 9. Laughing | 14. Position changed | 19. Threatening | 24. Other sitting on bed |
| 5. Cursing | 10. Lying/sitting on floor | 15. Quiet | 20. Up walking | 25. Other by Ru |

| TIME | CODE | ACTIVITY | INITIAL | TIME | CODE | ACTIVITY | INITIAL | TIME | CODE | ACTIVITY | INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1440 | 1 | 20 | Tr | | | | | | | | |
| 1453 | 1 | 20 | Tr | | | | | | | | |
| 1500 | 1 | 23 | GK | | | | | | | | |
| 1513 | 1 | 24 | GK | | | | | | | | |
| 1529 | 1 | 23 | GK | | | | | | | | |
| 1536 | 1 | 23,18 | PU | | | | | | | | |
| 1542 | 1 | 23,18 | PU | | | | | | | | |
| 1600 | 1 | 23 | PU | | | | | | | | |
| 1614 | 1 | 23 | PU | | | | | | | | |
| 1628 | 1 | 23,25 | PU | | | | | | | | |
| 1698 | 1 | 23,25 | PU | | | | | | | | |
| 1741 | 1 | 23 | PU | | | | | | | | |
| 1646 | 1 | 23 | PU | | | | | | | | |
| 1700 | 1 | 23 | PU | | | | | | | | |
| 1713 | 1 | 23 | PU | | | | | | | | |
| 1727 | 1 | 23 | PU | | | | | | | | |
| 1738 | 1 | 23,18 | PU | | | | | | | | |
| 1748 | 1 | 23,18 | PU | | | | | | | | |
| 1808 | 1 | 23,18,19 | PU | | | | | | | | |
| 1819 | 1 | 23, | PU | | | | | | | | |
| 1825 | 1 | 23,26,17 | PU | | | | | | | | |
| 1836 | 1 | 28 | Tr | | | | | | | | |
| 1850 | 1 | 2324 | Tr | | | | | | | | |

Identification of staff performing checks

| Name (Print) | Initials | Classification | Name (Print), Title | Initials | Classification |
|---|---|---|---|---|---|
| T. Guzier RN | Tr | ☑ Clinical ☐ Custody | G. Pimprell CNA | GK | ☑ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | P. ___ PT | PU | ☑ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | | | ☐ Clinical ☐ Custody |
| | | ☐ Clinical ☐ Custody | | | ☐ Clinical ☐ Custody |

RECEIVED HCCAB AUG 1 8 2017

RECEIVED ICAB APR 0 5 2017 HC APPEALS

RECEIVED JAN 0 3 2017 HC APPEALS

COPY

EX. "C"
TREAT AS ORIGINAL   Confidential Printed 201 12.12.13 12:54 -08'00'   Page 1 of 2

Template Date 05/02/2016
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date    :   July 27, 2017

To      :   D. VERDUZCO, # T45537
            PBSP Z 001 1130001L

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL #  PBSP SC 17001013 *SECOND* LEVEL**

APPEAL ISSUE:  All my allegations constitute a staff complaint per CCR 3084(g).
CTC mental health and nursing staff violated CCR 3271 and 3365(a). This appeal is
being processed as a routine appeal to conceal misconduct. I want the record to
reflect that on 12/14/16 I met with mental health headquarters (H. Parks). I asked her
to investigate this since PBSP "CTC" will not properly investigate misconduct of its
own employees. No one was interviewed at the first level (nurses or mental health) to
verify no one had visual of me for hours. PT P. Vaught told me she documented it
that day. There is also Go Pro footage of my bloody cell that substantiates my claim
that too and was not viewed to conceal misconduct. Additionally my appeal should
have been bifurcated because my allegations are against SGT Graves (custody),
mental health and medical, respectively. SGT Graves concocted a false story the he
seen me yet my back window was covered and you can't even see through the back
window of inf. Cell 179. I had H. Parks from headquarters go check on 12/14/17 to
prove I'm not lying, I am submitting CDCR 7365 which proves I was boarded up from
3:00pm through 6:30pm. I never removed toilet paper with the exception of allowing
PT P. Vaught to see my eyes only. I stood at my door only showed her my eyes. She
had no visual of my body or my cell during the 3 hours or so I was boarded up.
Nurse, clinicians nor custody had any visual of me. At about 3:30pm I started cutting
my tongue. The CDCR 7365 no one initiated CCR 3365(a). Additionally, CCR 3271
states "Every employee, regardless of his or her assignment is responsible for the
safe custody of the inmate(s) confined in the institutions of the department". I never
removed the toilet paper when I refuse my meal. This appeal is not being processed
as a staff complaint to conceal misconduct. I am going to give my proof to H. Parks
from MH Headquarters so she can report her findings to Medical Headquarters.

All issues unrelated to the allegation of staff misconduct must be appealed
separately and will not be addressed in this response.  You do not exhaust
administrative remedies on any unrelated issue not covered in this response or
concerning any staff member not identified by you in this complaint.  If you are
unable to name all involved staff you may request assistance in establishing their
identity.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct
presented in the written complaint has been completed. Based upon this review your
appeal is being processed as an Appeal Inquiry.

You were interviewed on February 13, 2017, by S. D. Ray SRN II and you stated you
were boarded up in your cell in the infirmary (INF 179) and there was no visual



*EX. "C"*

Page 1 of 2

Template Date 05/02/2016                                                     Attachment E-1

contact made by any persons from 1500 hours until 1825 hours. You claimed that you were yelling and telling people to follow protocol. You alleged that there was false documentation made by RN Geiger.

---

> ➤ **Your appeal is PARTIALLY GRANTED in that: The <u>Appeal inquiry</u> is complete/ has been reviewed and all issues were adequately addressed.**
> The following witnesses were questioned: D. VERDUZCO T45537, and PT P. VAUGHT. The following information was reviewed as a result of your allegations of staff misconduct: Electronic Health Record documentation, MPIMS documentation, Mental Health Services Policy, Title 15 CCR 3365 and CCR 3271 and packet provided by the inmate patient.
> Staff: ***did*** ☒ ***did not*** ☐ violate CDCR policy with respect to one or more of the issues appealed.

---

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: <u>S. D. RAY SRNII</u>      Sign: _____   Date: 8-2-17
Interviewer

Print: <u>M. MCLEAN, CEO</u>      Sign: _____   Date: 8/3/17
Reviewing Authority

RECEIVED
HCCAB
AUG 18 2017

*EX. "C"*

STATE OF CALIFORNIA

**PATIENT/INMATE HEALTH CARE APPEAL**

CDCR 602 HC (REV. 04/11)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| STAFF USE ONLY | Institution: | Log #: | Category: |
|---|---|---|---|
| Emergency Appeal   -   ☐ Yes   ☐ No | PBSP SC | 1700 1013 | |
| Signature:             Date: | *FOR STAFF USE ONLY* | | |

You may appeal any California Prison Health Care Services (CPHCS) decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| VERDUZCO , D | T-45527 | D-8 209 | |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):

*THIRD LEVEL REVIEW OF APPEAL PBSP SC 17001013*

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):_____

_____

_____

B. Action requested (If you need more space, use Section B of the CDCR 602-A):_____

_____

        *See attached*

☐ **Supporting Documents:** Refer to CCR 3084.3.

   List supporting documents attached (e.g. Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

_____

_____

☐ No, I have not attached any supporting documents. Reason :_____

_____

_____

Patient/Inmate Signature: _____   Date Submitted: 08-13-17

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) :   Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter):          Date: _____

☐ Accepted at the First Level of Review

   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

   Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in part ☐ Denied ☐ Other:_____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed:_____

        (Print Name)

Reviewer: _____ Title: _____ Signature: _____

        (Print Name)

Date received by HCAC:_____

*EX. "C"*

| HCAC Use Only |
|---|
| Date mailed/delivered to appellant: ___/___/___ |

*[Stamps: RECEIVED HCCAB AUG 18 2017 / COMPLETED HCCAB NOV 15 2017 / U S E   O N L Y]*

STATE OF CALIFORNIA

**PATIENT/INMATE APPEAL**

CDCR 602 HC (REV. 04/11)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Patient/Inmate Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**        Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes  ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted at the Second Level of Review

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:   ☑ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section D.

Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
(Print Name)

Reviewer: _____   Title: _____   Signature: _____
(Print Name)

Date received by HCAC: _____

HCAC Use Only
Date mailed/delivered to appellant: ___/___/___

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Office of Third Level Appeals – Health Care, California Prison Health Care Services, P.O. Box 4038, 660 Suite 400, Sacramento, CA 95812-4038. If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED. I PROVIDED A DETAILED PACKET TO SUBSTANTIATE MY CLAIMS WHICH THE SLR DID NOT ATTACH AND HAS ONLY MENTIONED BY REFERENCE. ALSO DR. JENSEN, L. WAS NOTIFIED AT 1605 BY PT VAUGHT, P. THAT BLOOD WAS SEEN ON MY FINGERS. (SEE) OOX 7220 DATED 08/17/16 BY P. VAUGHT ENTRY AT 2215. YET DR. JENSEN TOOK NO ACTION AND CLINICIAN DR JENSEN WAS NOT INTERVIEWED OR FOUND TO HAVE VIOLATED POLICY WHEN ALL DOCUMENTATION SUPPORTS MY CLAIMS.

Patient/Inmate Signature: _Dennis Henderson_   Date Submitted: _08-18-17_

**G. Third Level - Staff Use Only**

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted at the Third Level of Review

Your appeal is   ☐ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: _____

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant: ___/___/___

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

EX. "C"

Patient/Inmate Signature: _____   Date Submitted: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

**Date:**   NOV 1 5 2017

**To:**   VERDUZCO, DANIEL (T45537)
Kern Valley State Prison
PO Box 3130
Delano, CA 93216

**From:**   California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   PBSP SC 17001013

This Staff Complaint appeal was reviewed by Health Care Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL ISSUES:

Refer to the attached CDCR 602 HC, Patient-Inmate Health Care Appeal, and CDCR 602-A, Inmate/Parolee Appeal Form Attachment, dated October 5, 2016, for full details regarding your issue(s).

You are requesting:
- For the Go-Pro footage in video content of your bloody cell not be destroyed, lost or allegedly misplaced.
- That all Correctional Treatment Center (CTC) staff involved that allegedly failed to promptly comply with California Code of Regulations, Title 15, section 3365(2), be disciplined.
- For CTC nurses and psychiatric technicians to acknowledge they had no physical visual of you for over two and a half to three hours.
- To be compensated by a jury.
- Not to be retaliated against.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

Your appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

This health care appeal response is only addressing your allegations against P. Vaught, Psychiatric Technician. Your allegations against T. Geiger, Registered Nurse, are being addressed in PBSP SC 17000980, and your allegations against G. Kimbrell, Certified Nursing Assistant, are being addressed in PBSP SC 17001012. Therefore, these issues will not be addressed in this health care appeal response.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES   |   EX. "C"   |   P.O. Box 588500
Elk Grove, CA  95758

Your complaint was referred for a staff complaint inquiry. The supervisor's inquiry into the matter concluded staff violated California Department of Corrections and Rehabilitation policy regarding one or more of your allegations. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on February 13, 2017, and P. Vaught, Psychiatric Technician, was interviewed on February 13, 2017. Your health record was reviewed. The content of the inquiry supported the conclusion determined that staff violated policy in regard to failing to document visual contact with you; however, there was no violation of policy in regard to your allegation(s) of staff failing to respond in a timely manner and appropriately to an emergency situation or comply with California Code of Regulations, Title 15, section 3365(2).

Health care staff do not have jurisdiction over custody staff or procedures. As such, your concerns regarding video footage of your cell should be addressed through the appropriate custody channels at your institution.

It is not in the purview of appellants to request specific action to be taken in regard to the conduct of the staff complaint inquiry or in regard to disciplinary action against staff. California Code of Regulations, Title 15, Section 3084.9(i) and Department Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, any personnel action taken against staff is confidential and will not be shared with inmates, staff, or the public. Therefore, your request for all involved CTC staff to acknowledge they had no visual of you during the time and date alleged be disciplined will not be addressed, as you have been provided all information to which you have a right under California Code of Regulations, Title 15, Section 3084.9(i).

Monetary compensation is outside the jurisdiction of the health care appeals process. You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Per California Code of Regulations, Title 15, Section 3084.1(d), "No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in Section 3084.4, nor shall it prohibit the pursuit of disciplinary sanctions for violation of department rules."

As your health care appeal was adjudicated as a staff complaint, you are advised to utilize the CDC 7362, Health Care Services Request Form process, or submit a separate CDCR 602 HC, Patient-Inmate Health Care Appeal, for requests related to health care issues you feel are unresolved.

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR Policy and the California Code of Regulations, Title 15.

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual, Section 31140.14; and Inmate Medical Services Policies and Procedures.

## ORDER:

No changes or modifications are required by the institution.

C. Ol      for:

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

EX. "C"

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758